United States v. Sealed Defendant Juvenile 4 Mr. Koselke Good morning. I'm here on behalf of Defendant Juvenile Mail No. 4 and I'm here addressing two issues. The first issue is, does the Fifth Amendment prohibit involuntary pretrial evaluation by government doctors? And then the second issue that is entwined in that is, should the court grant an interlocutory appeal pursuant to the collateral review doctrine to determine whether a compelled examination by the government doctors could cause irreparable harm? The status of this case is the government filed a complaint and then filed a petition to transfer the case into adult proceedings. They then filed a petition to have two of their doctors examine the juvenile. An objection was filed with the magistrate, then went to the district judge. The objection was overruled and we're here on interlocutory appeal from that. And we're asking the court to take this appeal based upon the collateral review doctrine. Collateral review doctrine requires three things. Number one, that if the court does take the issue, that the decision of the court be conclusive on the issue. And that would be the case here because if the court were to decide that the juvenile defendant does have a Fifth Amendment right to not be examined by the compelled examination by the government doctors, then the exam would not take place. How does this differ from the state method of having juveniles heard as adults? You know? I'm not familiar with the state juvenile system. I'm familiar with the mental health system, but not the state juvenile system. To my knowledge, there is no appeal from that decision to go to examination. It only occurs once they're adjudicated to go to criminal court. I'm not sure. I just recognize that. I don't practice in state juvenile law, so I can't answer that question. Two, it resolves an important question. Obviously, whether a juvenile defendant has a Fifth Amendment right pre-trial is an important question. And three, and I think what's really a debate here today, is the issue effectively unrevealable later. Could you back up for a second, though? What's important, you said, I thought, was whether he's tried as an adult, right? Yes. Okay. I thought that determination is appealable. You're arguing here that the order for the examination is appealable, right? Yes, what's important to be decided here is whether the Fifth Amendment applies prior pre-trial, prior to the transfer hearing itself, because the government's attempting to use statements from the juvenile against him in the transfer hearing. Not having to do with the crime, though, right? Correct. Okay. I looked in your brief, Mr. Kaselke, for some authority on the interlocutory appeal of such cases. I don't see any on your side of this. There is some case law on comparable orders dealing with adult defendants in federal court, and whether this is an interlocutory appeal. Is your client in federal custody at this point? He is. Okay. Is it in juvenile circumstances or adult? He is being held in a jail in Kentucky, supposedly separate from. . . Part of the Southern District Marshal's arrangements, one of their contract jails? Yes, Your Honor. Okay. Will whether this examination takes place affect the duration of his, and whether we take the appeal affect the duration of his custody? Yes. How? Well, I think the appeal would slow the process. It will slow the process, right? Yes. Because in the past, where adult federal defendants have tried to challenge examination or orders, for example, to hold them under Section 4241D for another four months for further evaluation, courts have said, look, if you're going to hold somebody for four months in custody for evaluation, that's got to be appealable. But that's based not on the examination but on the custody. And so that would seem to cut against an interlocutory appeal under these circumstances and say wait until you get a determination about whether to send him to adult court. Well, the examination itself will slow it down. Wouldn't they go to the prison, the federal detention center where he'd be treated as a juvenile? In other words, they wouldn't do the examination while he was still in Kentucky. They'd send him someplace else in the federal system. Well, the doctors are in Indianapolis. I honestly don't know. This is the first juvenile case out of this district in approximately 20 years, something like that. Not in my time in that court. That's why I asked you about the comparison with Indiana. It seems to me that the traditional breaking point, as Judge Hamilton was referring to, was once you get to the point of whether or not they were declared to be eligible to be tried as an adult. And the statute actually says you can't use the statements against them, doesn't it? It does, but that's part of our contention that the statute does not cover all of this, provide a complete bar for the Fifth Amendment protections for him. Why not? Two reasons. One, it doesn't provide derivative immunity. For instance, if a juvenile defendant has been on probation, or many times there's types of pretrial diversion. Again, I'm not familiar with state juvenile law. Those are resolved informally. A probation officer or a defendant could easily successfully complete his probation, but then go into an interview with a government-appointed doctor and say, yeah, I completed that interview, I completed probation successfully, but while I was on it I used drugs, I committed robberies. The same thing with these informal type agreements where the child has to be home at 8 every night and he can come in and admit he did all these things. There's nothing to stop a state within the one year, I think Indiana is this one year, of coming back in to revoke the probation based on derivative information obtained from the interview. Why wouldn't that be criminal proceedings? Well. Covered by the statute. But it doesn't specifically say derivative, it covers derivative. And also, more importantly, I think what we're looking at here, and I think the more important issue is when we go to a hearing on transfer, we're not, it's not a hearing that the juveniles saw, it's a hearing that the government is electing to decide whether to prosecute the juvenile as a juvenile or an adult. And it's not, as the government and I think one of the other circuits describe it, a selection of a forum. It's a selection of how harsh the punishment will be for the juvenile. In my case, my juvenile is facing a maximum of five years in whatever treatment facility he would, or rehabilitation facility or process he would receive under the juvenile statute. He's potentially facing decades of treatment as an adult. The transfer hearing in and of itself is a determination of the amount of punishment. Right. And he's got you and he's got a right to appeal that determination immediately. Right? Yes. So once he's interviewed and once the information comes out, the government at all times has the discretion and the duty to use their discretion as to whether to go forward to seek transfer, to prosecute a case. Once the information comes out, the government has it, it's out, the bell can't be unrung. Whether you win or lose, you've preserved the inability to use anything you said against him, right? Not necessarily. Well, if we say it can't be, he can't be, and if we say it can, then you win. If information comes out that is harmful to the juvenile male during the interview process and that interview process then causes the government to, yeah, we are going to go ahead and seek transfer, we did do the right thing by starting this, that can't be undone. All of a sudden he has to go through a transfer proceeding and he ends up in adult court. He's gone through a whole procedure that he may not have had to go through had he been able to exercise, utilize his Fifth Amendment right. Does he have to cooperate with an examination? I think he'd be subject to contempt if he did not. That's something we debated. And he's entitled, he would then be entitled to immunity, right, for compelled testimony, or compelled, what you call testimony, right? If he were compelled to testify, yes. Okay. And we ordinarily treat such grants of immunity to compel testimony despite a Fifth Amendment privilege as constitutionally sufficient, right? Yes. So why would that not be sufficient here? Again, the government would hear it. The government is the decision maker as to whether to seek transfer or not or whether to prosecute the case at all or not. How can they unhear that information? How can they unring that bell? Could I follow up on something you said in your brief, Mr. Kaselke? At page 17, along these lines, that the statute prohibiting introduction of pre-transfer statements in subsequent criminal proceedings does not adequately protect the juvenile from future violations. It is akin to allowing the government to collect un-mirandized statements with impunity but then prohibiting their use at trial. That's correct. I thought the law allowed that, that it's the use at trial of the un-mirandized interrogations, confessions, for example, that was the problem. There's not a separate damages action, for example, just for the coercive interrogation. I don't have a case today, but I can't imagine policy would allow a sheriff's department or any police agency to just, matter of fact, to compel defendants to give statements and then say, well, we're not going to use them, but you have to make this statement. And that is akin to what the government is asking us to do here today. Thank you. All right. Thank you. Mr. Wood. Your Honor, may it please the Court, Bob Wood on behalf of the government. Just a couple of quick points on the compelled statements issue. It feels like the issues are dancing around Kastigar and Patain. Of course, that all assumes a Fifth Amendment privilege. The government's position is that there isn't one. Even if there is, the statements can be compelled, as Your Honor said. I think beyond that, I would just say that the defendant reiterates time and again that this decision is up to the government, but it's up to the courts. We have moved for transfer. There's no indication that I'm aware of that we would back off from that. And so at this point, the propriety of transfer is up to the district court and then up to this court when the appeal is appropriate, unless there are specific questions. Could you address the defendant's concern that what he says in this examination could wind up being used against him in state court? Well, the statute, it seems to me, provides for an absolute bar against the use of the statements in any future criminal prosecution, which would include a criminal proceeding, in my reading of that, in revocation terms. Would that include juvenile proceedings in state court? Would they be treated as criminal? A delinquency, in other words, does delinquency fit within the statute's use of the term prosecution? Criminal prosecutions, yeah. I'd have to say I do not know the department's position on that, but it seems to me that that would be a hard well to climb out of to assert on behalf of the government that the statements are just fine to use against him after going to such lengths to get him to provide them. That is, I think, that's not from a policy standpoint. My colleague mentioned policy. From a legal standpoint, that sounds like a one-legged chair. But that said, again, I don't know the department's full-throated view on that. I just don't see that these statements can be used in an incriminatory fashion in the future. There are a lot of cases that have said that, and I think that makes this a non-issue, but it's also not the time to address the issue. The time to address the issue is soon. It could have been now, I suppose, given the schedule for examination in the fall followed by a transfer hearing, but at this point it may be down the road a little bit. Would you agree that this examination and then the determination about whether to treat him as an adult is a critical stage in the criminal prosecution? No. The only precedent that I've seen on that question calls this a status determination or a form determination, and there's nothing incriminating about it. I understand that he might say things that are incriminating, but we can't use them. Now, it depends on whether I'm understanding Your Honor's question exactly correctly. The transfer proceeding, yes. That's what I'm talking about. The transfer proceeding, he is entitled to counsel. The rules of evidence don't apply in the same way. There are various differences. But for Sixth Amendment purposes, it's a critical stage. He will be entitled to counsel, and the government will not be making any sort of argument that he is not at the transfer hearing. Sure, because there are important consequences. They're not consequences of guilt or innocence, but they're important. Right. If there's nothing else, thank you, Your Honor. Okay. Just to state, it's stated in the brief and cited by case law, but the unlikelihood of possible prosecution in the future is irrelevant in a Fifth Amendment analysis. And the information the government seeks to obtain pursuant to 18 U.S.C. 3052 are four different items in particular. The age and social background of the defendant.  This can be obtained through school records, juvenile records, which the government's already obtained in this case. Witnesses. The information of nature of past treatment records. Again, that's something the government can subpoena and obtain. The availability of programs to treat juvenile behavior problems. Obviously, the behavior problem they're trying to treat is what's alleged in the complaint, so they know what the behavior problem is. Well, they know what their treatment programs are. The juvenile defendant's not going to know that. His present intellectual development and psychological maturity. I think, again, that is something that can be obtained through witness interviews as well as school records and tests given by the school. Well, psychological maturity would probably require talking to him, don't you think? Well, I think that's a subjective measure, and I think anybody that's been through the juvenile system has psychological testing done, and most children that have been through the school system have psychological testing. I know the government's obtained voluminous records on my client in this case. I can't imagine they can't glean enough of what they need from those records. Been in juvenile trouble before? Yes. I would finally end by saying the bell can't be unrung. Once this information's out, it can't come back. Thank you. Thank you, Mr. Cosell. Thank you so much. Ms. Cosell, you have the additional thanks of the court for accepting the appointment of Ms. Cosell. Okay. The case is taken under advisement.